| Matter of Davis |
|:---:|
| 2023 NY Slip Op 34557(U) |
| December 28, 2023 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2020-1709/A/B/C |
| Judge: Hilary Gingold |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

New York County Surrogate's Court
DATA ENTRY DEPT.
DEC 28 2023

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x
In the Matter of the Application of the Administrator of
the Estate of

        ADINE DAVIS,

                  Deceased,

for Leave to Compromise a Cause of Action for
Personal Injuries, to Fix Attorney's Fees, and to
Render and Have Judicially Settled an Account of
her Proceedings.
-------------------------------------------------------------------------x

DECISION

File No.: 2020-1709/A/B/C

GINGOLD, S.

In respect to the estate of Adine Davis, Supreme Court, Bronx County, so ordered a stipulation between the parties in which a cause of action for pain and suffering was settled for $2,550,000.00. Of that amount, Pathmark, the defendant in the Supreme Court action, is responsible for paying $1,800,000.00. Pathmark's Self-Insured Retention Insurance (SIR) is responsible for paying the remaining $750,000.00, which amount is the subject of a claim in bankruptcy court and, to date, not collectible.

The administrator seeks approval of her account for $1,800,000.00 and leave to distribute the net settlement proceeds in equal shares to decedent's distributees.[1] The petition is granted to the extent set forth herein.

Petitioner requests disbursements totaling $122,656.96. Disbursements are allowed in the reduced amount of $116,195.99. A reduction of $3,960.97 is for items, such as postage and travel expenses charged by the law firms that represented the administrator that are normally considered

---

[1] The administrator filed an emergency affidavit in mid-January 2023. However, her application was not completed until December 15, 2023, when her attorney filed an affirmation of extraordinary services, after a conference with the undersigned on that date.

office overhead (*Matter of Herlinger*, NYLJ, Apr. 28, 1994, at 29, col 3 [Sur Ct, NY County]). An additional $2,500.00 of disbursements is disallowed as that amount represents legal fees billed by outside estate counsel in connection with the administration proceeding. Those legal services were encompassed in the contingent fee retainer agreement between the administrator and Chopra & Nocerino, LLP, the firm that represented the administrator in the underlying Supreme Court action. Because Chopra & Nocerino, LLP was retained by the administrator after decedent's death, the legal fees incurred in obtaining the limited letters of administration are within the scope of the retainer agreement for which that firm is receiving a fee of one-third of the $1,800,000.00 for which the administrator has accounted (*see Matter of Kebe*, NYLJ, Mar. 20, 2014, at 26, col 3 [Sur Ct, Bronx County]).

The Appellate Division, First Department, mandates that legal fees cannot exceed one-third of any personal injury or wrongful death settlement (22 NYCRR 603.25[e]; *see Matter of Bahsi*, NYLJ, Nov. 25, 2019, at 23, col 5 [Sur Ct, NY County]). Here, in addition to approval of the $600,000.00 fee to Chopra & Nocerino, LLP, the administrator seeks approval of legal fees in the amount of $35,699.69 paid to Pollack, Pollack, Isaac & DeCicco billed in a successful appeal related to the Supreme Court action, as well as legal fees of $21,793.08 paid to Rivkin Radler, LLP, for legal services performed in Bankruptcy Court when Pathmark declared bankruptcy during the pendency of the Supreme Court action. In the normal course, these fees would not be allowed. The court notes that all of decedent's distributees consented to the approval and payment of these legal fees.

The retainer agreement between the administrator and Chopra & Nocerino, LLP, states that, if an appeal was necessary, as was the case here, the administrator shall be liable for all costs of the appeal and Chopra & Nocerino, LLP, nevertheless, would be entitled to no less than one-

third of the amount recovered. Indeed, the language of the retainer agreement, while it could be plainer, constitutes an express agreement with the administrator that the costs of the appeal would be in addition to the one-third contingency fee (*see Stewart v New York City Tr. Auth.*, 125 A.D. 129, 134-135 [1st Dept 2014]). Accordingly, the court approves the disbursement for $35,699.69 paid to Pollack, Pollack, Isaac & DeCicco for legal fees related to the appeal.

The court finds that the legal fees incurred in the bankruptcy proceeding are separate and apart from the retainer agreement between the administrator and Chopra & Nocerino, LLP. As explained in the December 15, 2023 affirmation of Alex Nocerino, Esq., the administrator could not simply stipulate to pursue only Pathmark's available insurance coverage and waive any rights against it and its exposure above any policy limits, as might often be the case. As explained by Mr. Nocerino, this was because Pathmark had a large SIR of $750,000.00, and the bankruptcy trustee would not allow the administrator to pursue the insurance coverage above the SIR limits, while also making a claim against Pathmark in Supreme Court. Thus, the administrator deemed it necessary to engage counsel for the bankruptcy proceeding to successfully lift the bankruptcy stay and preserve the right for the administrator to pursue the SIR policy, while preserving the right to recover the $1,800,000.00 above the SIR limits. Thus, the request for approval of the disbursement of $21,793.08 billed by Rifkin Radler, LLP for legal services in connection to the bankruptcy proceeding is granted.

The restrictions contained in the limited letters issued to petitioner are modified to allow the collection and distribution of the $1,800,000.00 settlement monies, and the requirement of filing a bond is waived.

The account is settled, and the decree is signed.

3

The Clerk of the Court is directed to serve a copy of this decision on the administrator's attorney at the email address listed at the foot hereof.

Dated:  December 28, 2023

_____
SURROGATE

Alex Nocerino, Esq.
Attorney for petitioner
anocerino@chopranocerino.com

4

[* 4]